UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JOHN DOE #1, by and through his next friend, SUSAN LEE, and JOHN DOE #2, by and through his next friend, BILLY KING, <br><br>Plaintiffs,<br><br> v. <br><br>SEVIER COUNTY, TENNESSEE, SEVIER COUNTY BOARD OF EDUCATION, and Superintendent DR. JACK PARTON in his official capacity,<br><br>Defendants. | No. 3:17-CV-41 |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion for Leave to File Documents Under Seal [doc. 8].[1] For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

Plaintiffs John Doe #1 and John Doe #2 ("John Does") are minors and allege that they were students at Sevier County High School in Sevierville, Tennessee, but were restrained from attending the school after the State charged each of them with aggravated rape last year. [Compl., doc. 1-1, ¶¶ 10–12; Susan Lee Aff., doc. 12-1, ¶¶ 2–3; Billy King Aff., doc. 12-2, ¶¶ 2–3]. John Does allege that their counsel and the district attorney's office

---

[1] Plaintiffs have not responded to the motion, and the deadline for a response has passed. *See* E.D. Tenn. L.R. 7.1(a).

reached an eventual settlement agreement, under which John Does agreed never to return to Sevier County High School in exchange for dismissal of the criminal charges against them. [Compl. ¶ 12]. John Does also maintain that they have since had their juvenile records expunged. [*Id.* ¶ 13; Chief Deputy Clerk Letter No. 1, doc. 1-5, at 1; Chief Deputy Clerk Letter No. 2, doc. 1-6, at 1]. According to John Does, after procuring dismissal of the charges and expungement of the charges from their juvenile records, they attempted to re-enroll in Sevier County High School but were denied the opportunity to re-enroll. [Compl. ¶ 15].

As a result, John Does now bring this action against Sevier County, Sevier County Board of Education, and Superintendent Dr. Jack Parton in his official capacity, alleging they violated 42 U.S.C. § 1983 by abridging their rights under the First Amendment and the Fourteenth Amendment. [*Id.* ¶ 18]. John Does have also contemporaneously filed a motion for a preliminary injunction under Federal Rule of Civil Procedure 65, alleging that they were "in their junior years," "have invested themselves tremendously in the athletic program at Sevier County High School," and "transferring to any other school will cause irreparable harm." [Compl. ¶¶ 10; *see* Mot. for Preliminary Inj., doc. 4, at 1]. Specifically, they claim that the "opportunities that were available to them for scholarships and to compete collegiately have been damaged and/or are rapidly diminishing" because they have been unable to re-enroll in Sevier County High School and participate in its athletic program. [Compl. ¶ 20].[2]

---

[2] John Does were members of the basketball team at Sevier County High School. [Lee Aff. ¶ 3; King Aff. ¶ 3].

2

In response to John Does' request for a preliminary injunction, Defendants filed multiple documents they believe are relevant to the Court's determination of whether a preliminary injunction is appropriate. [*See* Juvenile Records, doc. 9-1, at 1–7]. Defendants now seek leave to file these documents under seal because they claim they "relate to and refer to" John Does' juvenile records, consist of "sensitive, confidential information related" to John Does, and "could lead to annoyance, embarrassment, and undue burden" to John Does. [Defs.' Mot. for Leave, doc. 8, at 1–2]. The Court has carefully reviewed these documents—which the Clerk, acting under Local Rule 26.2(b), has placed under temporary seal—and is prepared to rule on the motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 5.2(d), "[t]he court may order that a filing be made under seal without redaction," Fed. R. Civ. P. 5.2(d), but the federal courts have long recognized a "strong presumption in favor of openness" as to court records, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). To overcome this presumption, a party seeking to seal judicial records bears a weighty burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The "demanding requirements" of this burden consist of a showing that (1) the judicial records contain information that courts will typically protect and (2) the judicial records, if not sealed, will result in a clearly defined and serious injury. *Shane Grp.*, 825 F.3d at 307–08; *see In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) ("[T]he party seeking the . . . sealing of

3

part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" (quotation omitted)).

Generally, "[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" can overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)); *see In re Knoxville News-Sentinel*, 723 F.2d at 476 (affirming the district court's decision to seal bank records that contained financial information in part because various "statutory provisions and regulatory rules" protected that information). Even when one or more of these forms of protectable information reside in the record, however, parties are not presumptively entitled to have "broad swaths" of the record sealed; instead, they must identify, "on a document-by-document, line-by-line basis," which portions of the record contain "specific information . . . [that] meets the demanding requirements for a seal." *Shane Grp.*, 825 F.3d at 308. Also, when the public interest in a case's subject matter is great, the showing necessary to surmount the presumption of access is even more demanding. *Id.* at 305.

### III. ANALYSIS

Defendants fall well short of satisfying their burden in overcoming the strong presumption favoring public access, having failed (1) to identify any information in the temporarily sealed documents that is privileged or subject to protection under a statute or regulation or (2) to articulate any specific, serious injury that ensue without the sealing of

4

these documents. In a single paragraph, Defendants attempt to meet their onerous burden but provide the Court with no legal grounds—specifically, no federal statute, privilege, or regulation—from which it can possibly ascertain whether non-disclosure of the documents is appropriate. Instead, they make a generic assertion that the documents "relate to and refer to" John Does' juvenile records, [Defs.' Mot. for Leave at 1], but this effort is insufficient to warrant non-disclosure, *see Shane Grp.*, 825 F.3d at 305–06 ("The proponent of sealing . . . must 'analyze in detail, document by document, the propriety of secrecy, *providing reasons and legal citations*.'" (emphasis added) (quoting *Baxter*, 297 F.3d at 548)).

Even if the Court were to presume that a federal statute or privilege shutters juvenile records from public access, Defendants leave the Court to ponder whether either would require it to seal the *entirety* of the juvenile records here in this case. Indeed, John Does have already described—generally in their Complaint and more directly in affidavits from their next friends, [*see* Lee Aff. at 1–2; King Aff. at 1–2]—the nature and the contents of these juvenile records, diffusing Defendants' contention that these records contain information that is sensitive to John Does, *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again. The genie is out of the bottle . . . . [and] [w]e have not the means to put the genie back." (citation and footnote omitted)); *see Lampon-Paz v. Dep't of Homeland Sec.*, 532 F. App'x 125, 126 n.3 (3d Cir. 2013) (denying several motions to seal portions of the judicial record partly because the information was already disclosed in the complaint). And despite Defendants' assertions

5

to the contrary, the Court can see no sensitive or confidential information in the juvenile records other than the identities of John Doe #1 and John Doe #2.[3] Defendants, however, may simply redact these names from these documents, *see* Fed. R. Civ. P. 5.2(a) (allowing parties to redact minors' names from filings with a court)—something that John Does themselves already have done with certain documents they filed with the Court, [*see* Chief Deputy Clerk Letter No. 1 at 1; Chief Deputy Clerk Letter No. 2 at 1]—without the need to seal "broad swaths" of the record, *Shane Grp.*, 825 F.3d at 307.

As to the second element—a showing of a serious, clearly defined injury that will result from disclosure—Defendants claim that the Court's disclosure of the juvenile records could cause John Does to experience "annoyance, embarrassment, and undue burden." [Defs.' Mot for Leave at 2]. Defendants, however, have done nothing more than regurgitate the language of Federal Rule of Civil Procedure 26(c)(1), which governs protective orders, *see* Fed. R. Civ. P. 26(c)(1) (stating that a court may, for good cause, protect a party or person from "annoyance, embarrassment . . . or undue burden"), rather that describe any specific type of harm that would befall John Does, *see Shane Grp.*, 825 F.3d at 308–09 (acknowledging that "[i]n delineating the injury to be prevented, specificity is essential" (quoting *Cendant*, 260 F.3d at 194)). And as importantly, the legal standard under Rule 26(c)(1), which again governs protective orders, has little if any overlap with non-disclosure as it relates to the presumption of public access. *See Shane Grp.*, 825 F.3d at 305 (recognizing "a stark difference between so-called 'protective orders' entered

---

[3] The juvenile records also contain the victims' initials, but a minor's initials constitute a redaction that is sufficient to protect the privacy of a minor. Fed. R. Civ. P. 5.2(a)(3).

pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other"). Again, Defendants' effort is inadequate to justify non-disclosure, particularly in a case like this one. Indeed, the public is likely to have a keen interest in knowing and understanding how the Court—in light of the district attorney's insistence that John Does not return to Sevier County High School because of past criminal conduct—reaches its decision. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (stating the when faced with a request to seal documents, courts must "balance the litigants' privacy interests against the public's right of access"); *Shane Grp.*, 825 F.3d at 305 ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." (citation omitted)).

### IV. CONCLUSION

Defendants do not meet their burden to overcome the presumption of public access to judicial records, and their Motion for Leave to File Documents Under Seal [doc. 8] is therefore **DENIED**. Within seven days from the date of this Order, Defendants **SHALL** redact the identities of John Does from Document 9-1 and file the redacted version for the public record. *See* Fed. R. Civ. P. 5.2(d). The Court also orders as follows:

1. The Court will retain Defendants' unredacted version of Document 9-1 in the record. *See* Fed. R. Civ. P. 5.2(f). The Court directs the Clerk to continue to hold under seal the unredacted version of Document 9-1, which contains John Does' identities. *See* Fed. R. Civ. P. 5.2(a).

2. The Court directs the Clerk to lift the seal from Document 9, which is Defendants' Response to John Does' Motion for Preliminary Injunction.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge