UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE #1, by and through his next friend, SUSAN LEE, and JOHN DOE #2, by and through his next friend, BILLY KING, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:17-CV-41 |
| SEVIER COUNTY, TENNESSEE, SEVIER COUNTY BOARD OF EDUCATION, and Superintendent DR. JACK PARTON in his official capacity, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs' First Motion in Limine [doc. 26], Plaintiffs' Brief in Support [doc. 27], and Defendants' Response in Opposition [doc. 33]. For the reasons herein, the Court will deny the motion.

**I.    BACKGROUND**

Plaintiffs John Doe #1 and John Doe #2 ("John Does") are minors and allege that they were students at Sevier County High School in Sevierville, Tennessee, but were restrained from attending the school after the State charged each of them with aggravated rape last year. [Compl., doc. 1-1, ¶¶ 10–12; Susan Lee Aff., doc. 12-1, ¶¶ 2–3; Billy King Aff., doc. 12-2, ¶¶ 2–3]. John Does allege that their counsel and the district attorney's office reached an eventual settlement agreement, under which John Does agreed never to return

to Sevier County High School in exchange for dismissal of the criminal charges against them. [Compl. ¶ 12]. John Does also maintain that they have since had their juvenile records expunged. [*Id.* ¶ 13; Chief Deputy Clerk Letter No. 1, doc. 1-5, at 1; Chief Deputy Clerk Letter No. 2, doc. 1-6, at 1].[1] According to John Does, after procuring dismissal of the charges and expungement of the charges from their juvenile records, they attempted to re-enroll in Sevier County High School but were denied the opportunity to re-enroll. [Compl. ¶ 15].

As a result, John Does now bring this action against Sevier County, Sevier County Board of Education, and Superintendent Dr. Jack Parton in his official capacity, alleging they violated 42 U.S.C. § 1983 by abridging their rights under the First Amendment and the Fourteenth Amendment. [*Id.* ¶ 18]. John Does have also contemporaneously filed a motion for a preliminary injunction under Federal Rule of Civil Procedure 65, alleging that they were "in their junior years," "have invested themselves tremendously in the athletic program at Sevier County High School," and "transferring to any other school will cause irreparable harm." [*Id.* ¶ 10; *see* Pls.' Mot. for Preliminary Inj., doc. 4, at 1]. Specifically, they claim that the "opportunities that were available to them for scholarships and to compete collegiately have been damaged and/or are rapidly diminishing" because they have been unable to re-enroll in Sevier County High School and participate in its athletic

---

[1] Tenn. Code Ann. subsection 40-32-101(a)(1)(A)(i) states that "[a]ll public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed or destroyed . . . if . . . [t]he charge has been dismissed[.]"

2

program. [Compl. ¶ 20].[2] Within days of the filing of this action, Defendants proceeded to the Sevier County Juvenile Court, where they obtained Orders in which that court memorialized the terms of the expunged plea agreements, and Defendants have since filed these Orders with this Court. [*See* Juvenile Records, doc. 9-1, at 1–7].

Shortly after John Does brought this case, the Court scheduled an evidentiary hearing, to afford the parties an opportunity to present evidence as to the propriety of a preliminary injunction. [Order, doc. 13, at 1; Order, doc. 29, at 1]. In anticipation of the hearing, Defendants subpoenaed Assistant District Attorney Rolfe Straussfogel ("Mr. Straussfogel")—the attorney assigned to John Does' case at the state level—and will offer his testimony to address John Does' plea agreements with the district attorney's office and the recent Orders from the Sevier County Juvenile Court that memorialize the terms of those agreements. [Defs.' Mot. to Continue, doc. 20, at 1–2]. John Does, in response, filed their First Motion in Limine, in which they seek to circumscribe Mr. Straussfogel's testimony. [Pls.' Br. in Support at 2–4].

## II.  LEGAL STANDARD

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). As a result, a district court's choice to grant or deny a motion in limine "is purely discretionary." *United States v. Certain Land*

---

[2] John Does were members of the basketball team at Sevier County High School. [Lee Aff. ¶ 3; King Aff. ¶ 3].

*Situated in Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose," and in this vein, a district court has authority to exclude evidence only when it is "clearly inadmissible on all potential grounds." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). A party moving for a motion in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

### III. ANALYSIS

John Does argue that the Court should exclude in limine Mr. Straussfogel's testimony concerning (1) "any of the prior criminal charges filed against [them]," (2) "the plea agreement," and (3) "the events" involving enforcement of the restraining orders that blocked their re-enrollment at Sevier County High School. [Pls.' Br. in Support at 3]. In making this argument, John Does rely on two legal grounds: (1) Tenn. Code Ann. section 40-32-101 and (2) Federal Rule of Evidence 408. Tenn. Code Ann. section 40-32-101 pertains to the dismissal of criminal charges as well as the expungement of records. In particular, subsection 40-32-101(g)(15)(B) states that the expungement of criminal records has "the legal effect of restoring the petitioner, in the contemplation of the law, to the same status occupied before the . . . indictment." Similarly, subsection 40-32-101(g)(15)(D) provides that "[e]xpunction under this subsection . . . means, in contemplation of the law,

4

the conviction for the expunged offense never occurred," with no "adverse effects" resulting from the expunged criminal offense. Based on these provisions, John Does claim that "[e]vidence of prior plea agreements and restraining orders are quite simply inadmissible" and that the Court should exclude in limine Mr. Straussfogel's testimony in this vein. [Pls.' Br. in Support at 3].

As for Federal Rule of Evidence 408, it prohibits the use of certain types of evidence in certain contexts, stating:

> (a) Prohibited Uses. Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

John Does argue that Mr. Straussfogel's testimony, as described by Defendants, will cover the settlement negotiations between John Does and the district attorney's office—negotiations that resolved the charges against them. [Pls.' Br. in Support at 4]. They maintain that this evidence "would go to the 'validity of the claim' specifically the preliminary injunction that is at issue" and is therefore inadmissible under Rule 408. [*Id.*].

5

### A. Exclusion of Evidence under Rule 408

As an initial matter, the Court underscores the significant fact that John Does' motion arises in the context of an evidentiary hearing on a motion for a preliminary injunction, and "the Federal Rules of Evidence generally do not apply to preliminary injunction hearings." *House of Bryant Publ'ns, LLC v. City of Lake City*, No. 3:14-CV-93-TAV-HBG, 2014 WL 5449672, at *10 n.11 (E.D. Tenn. Oct. 22, 2014) (quotation omitted); *see Fidelity Brokerage Servs. LLC v. Clemens,* No. 2:13-CV-239, 2013 WL 5936671, at *5 (E.D. Tenn. Nov. 4, 2013) ("Generally speaking, district courts within this circuit have not required stringent adherence to rules of evidence when reviewing petitions for injunctive relief[.]" (citations omitted)); *Damon's Rests., Inc. v. Eileen K Inc.*, 461 F. Supp. 2d 607, 620 (S.D. Ohio 2006) (recognizing that "district courts within [the Sixth Circuit] have considered [hearsay] evidence, as have numerous other circuit courts," in addressing motions for a preliminary injunction (citations omitted)). John Does overlook this point, making no attempt to explain how the Court should consider its request in light of the limited applicability of the Federal Rules of Evidence.[3] Because John Does' argument is incomplete, the Court, on this basis alone, is not inclined to accept it. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.

---

[3] Normally, on a motion in limine, a party moving to exclude a statement under Rule 408 "must make a substantial showing that it was made as part of settlement negotiations." *Arvest Bank v. Byrd*, No. 10-2004, 2011 WL 13130915, at *1 (W.D. Tenn. Dec. 16, 2011) (quoting *Eaves v. United States*, No. 4:07CV-118-M, 2009 WL 3754176, at *6 (W.D. Ky. Nov. 5, 2009)).

6

It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)).

The loose adherence that district courts give to the Federal Rule of Evidence in matters involving preliminary injunctions is practical in nature. In the majority of cases, motions in limine will arise on the cusp of trial, when the parties have had a chance to review all the evidence in the record and make specific evidentiary objections. *See, e.g.*, *United States v. Crawford*, 66 F. Supp. 3d 1311, 1320 (D. Or. 2014) ("The court typically resolves evidentiary objections in the context of a motion in limine filed shortly before trial, when the parties and the court have a better idea of what specific evidence is intended to be introduced at trial."); *Auto. Ins. Co. of Hartford v. Electrolux Home Prods., Inc.*, No. 08-CV-00623(A)(M), 2010 WL 3655743, at *4 (W.D.N.Y. Sept. 15, 2010) (noting that motions in limine are "typically filed shortly before trial" (citation omitted)). Indeed, motions in limine are ordinarily, if not necessarily, "confined to very specific evidentiary issues" that are usually capable of crystallizing in the record only after evidence has had the chance to accumulate. *Certain Land Situated in Detroit*, 547 F. Supp. at 681. The posture of cases involving preliminary injunctions—which tend to be quick-moving on a path toward an evidentiary hearing—often does not invite the gradual development of honed evidentiary issues to which a motion in limine can apply. The very idea of a hearing under Rule 65 is to allow parties to *introduce* into the record "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers," to "support or oppose a motion for a preliminary injunction." *Salmon v. Old Nat'l Bank*, No. 4:08CV-116-M, 2010

7

WL 716232, at *4 (W.D. Ky. (quotation omitted)), *abrogated on other grounds by* 2010 WL 14633196 (W.D. Ky. Apr. 8, 2010).

Because this case is in its infancy, the record contains only allegations, a few motions, and some rudimentary evidence, and John Does point to no *specific* evidence in the record that is "clearly inadmissible on all potential grounds." *Contract Mgmt.,* 2012 WL 2529214 at *1. Rather, they cite general topics they anticipate Mr. Straussfogel will broach during the hearing, "[i]n accordance with Defendants [sic] previously stated position." [Pls.' Br. in Support at 4]. Although "anticipated" evidence is excludable in limine, *Luce*, 469 U.S. at 40 n.2, it must be "very specific," *Certain Land Situated in Detroit*, 547 F. Supp. at 681; *see Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed."). Along these same lines, the evidence must be identifiable in the record so that a court is able to "assess the value and utility of [the] evidence." *Beasley v. SSC Newport Operating Co.*, No. 2:11-cv-127, 2014 WL 5438524, at *2 (E.D. Tenn. Oct. 22, 2014) (quotation omitted)); *see Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (stating that parties seeking to exclude evidence in limine "should . . . direct the trial judge to specific evidence *in the record* that would favor or disfavor the introduction of those particular items or categories of evidence" (emphasis added) (citation omitted)).

A thumbnail description of the subjects on which Mr. Straussfogel is likely to testify—which is what John Does provide the Court with here—is insufficient to meet the high standard on a motion in limine. John Does refer to settlement discussions that led to

8

the resolution of the charges against them, but they identify no specific statements from those discussions. [Pls.' Br. in Support at 4]. Similarly, they invite the Court to exclude testimony "with regard to" the charges, but they identify no statements that the Court can review for exclusion. [*Id.* at 3]. Finally, they mention unnamed "events" having to do with their restraint from re-enrollment at Sevier County High School, but they identify no information concerning those events. [*Id.*]. For the Court to accommodate John Does' request under Rule 408, it would need far more in the way of specifics, and that is only if the Court assumes the Federal Rules of Evidence even remotely apply to the evidentiary hearing—an issue that John Does, again, have left unaddressed. *See House of Bryant Publ'ns*, 2014 WL 5449672 at *10 n.11.

### B. Exclusion of Evidence under Tenn. Code Ann. Section 40-32-101

Under Tenn. Code Ann. section 40-32-11, John Does make a somewhat more intelligible argument for the exclusion of evidence. Relying on subsection 40-32-101(g)'s language that the term "expunction" means that "the conviction for the expunged offense never occurred," and on evidence in the record showing John Does had their criminal records expunged, [Chief Deputy Clerk Letter No. 1 at 1; Chief Deputy Clerk Letter No. 2 at 1], they believe Mr. Straussfogel should not be free to testify as to their past criminal records or acts. While the Court in no way disputes the statutory rights to which John Does may be entitled under section 40-32-11, their argument nevertheless fails in one important respect: they neglect to identify any rule in the Federal Rules of Evidence that permits or requires the Court to exclude this type of evidence.

9

This Court—a *federal* court—is unable to bar evidence in limine under Tennessee law in this case, which, on the merits, involves an alleged violation of § 1983 and is before the Court based on federal-question jurisdiction, not diversity jurisdiction. When a party brings an action that invokes federal-question jurisdiction, as is true in this case, a motion to exclude evidence in limine must have an evidentiary basis that warrants that exclusion in the Federal Rules of Evidence.[4] *See Tesfa v. Am. Red Cross*, No. 2:12-cv-0397, 2013 WL 5675474, at *3 (S.D. Ohio Oct. 17, 2013) (denying a defendant's motion in limine because it "[did] not cite an evidentiary rule as a basis for excluding the evidence complained of"); *see also Graves*, 850 F. Supp. 2d at 11 (acknowledging that motions in limine "are a means for arguing why 'evidence should or should not, *for evidentiary reasons*, be introduced at trial'" (quotation omitted)). Because John Does do not provide the Court with a federal evidentiary rule that supports their position, the Court must reject their invitation to exclude evidence in limine.[5]

---

[4] Even in a diversity-jurisdiction case—which this case is not—the Federal Rules of Evidence govern the case unless an applicable state rule of evidence is "substantive in nature." *Leap v. Malone*, No. 95-6470, 1996 WL 742306, at *3 (6th Cir. Dec. 23, 1996).

[5] Incidentally, John Does' argument does not appear to be consistent with Tennessee case law in which Tennessee courts have addressed the propriety of admitting evidence when it relates to an expunged offense. *Cf. State v. Schindler*, 986 S.W.2d 209, 211–12 (Tenn. 1999) (recognizing that "testimony and evidence of the criminal acts preceding the arrest are admissible as evidence of prior bad acts or evidence of social history even if expungement is later obtained" (citations omitted)); *State v. Lane*, 3 S.W.3d 456, 462 (Tenn. 1999) (stating that "expungement does not erase the underlying conduct or behavior" and that, therefore, "the criminal acts underlying an expunged conviction may properly be considered" (citation omitted)); *Wright v. Tenn. Peace Officer Standards & Training Comm'n*, 277 S.W.3d 1, 13 (Tenn. Ct. App. 2008) (noting that "the key point is the distinction between the underlying acts, which are not erased by expungement, and the legally operative facts resulting from those acts," like a conviction or a guilty plea, "which *are* erased by expungement"); *State v. Dishman*, 915 S.W.2d 458, 464 (Tenn. Ct. App. 1995) ("[N]either the diversion statutes nor the expungement statutes prohibit questioning a witness about prior bad acts.").

## IV. Conclusion

John Does fail to meet their burden for the exclusion of evidence in limine, while also failing to address the applicability of the Federal Rules of Evidence to the upcoming hearing. Plaintiffs' First Motion in Limine [doc. 26] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge