UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE #1, by and through his next friend, SUSAN LEE, and JOHN DOE #2, by and through his next friend, BILLY KING, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:17-CV-41 |
| SEVIER COUNTY, TENNESSEE, SEVIER COUNTY BOARD OF EDUCATION, and Superintendent DR. JACK PARTON in his official capacity, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion for Leave to Conduct the Evidentiary Hearing Under Seal [doc. 15], Plaintiffs' Response in Opposition [doc. 26], and Plaintiff's Brief in Opposition [doc. 27]. For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

Plaintiffs John Doe #1 and John Doe #2 ("John Does") are minors and allege that they were students at Sevier County High School in Sevierville, Tennessee, but were restrained from attending the school after the State charged each of them with aggravated rape last year. [Compl., doc. 1-1, ¶¶ 10–12; Susan Lee Aff., doc. 12-1, ¶¶ 2–3; Billy King Aff., doc. 12-2, ¶¶ 2–3]. John Does allege that their counsel and the district attorney's office

reached an eventual settlement agreement, under which John Does agreed never to return to Sevier County High School in exchange for dismissal of the criminal charges against them. [Compl. ¶ 12]. John Does also maintain that they have since had their juvenile records expunged. [*Id.* ¶ 13; Chief Deputy Clerk Letter No. 1, doc. 1-5, at 1; Chief Deputy Clerk Letter No. 2, doc. 1-6, at 1].[1] According to John Does, after procuring dismissal of the charges and expungement of the charges from their juvenile records, they attempted to re-enroll in Sevier County High School but were denied the opportunity to re-enroll. [Compl. ¶ 15].

As a result, John Does now bring this action against Sevier County, Sevier County Board of Education, and Superintendent Dr. Jack Parton in his official capacity, alleging they violated 42 U.S.C. § 1983 by abridging their rights under the First Amendment and the Fourteenth Amendment. [*Id.* ¶ 18]. John Does have also contemporaneously filed a motion for a preliminary injunction under Federal Rule of Civil Procedure 65, alleging that they were "in their junior years," "have invested themselves tremendously in the athletic program at Sevier County High School," and "transferring to any other school will cause irreparable harm." [*Id.* ¶ 10; *see* Pls.' Mot. for Preliminary Inj., doc. 4, at 1]. Specifically, they claim that the "opportunities that were available to them for scholarships and to compete collegiately have been damaged and/or are rapidly diminishing" because they

---

[1] Tenn. Code Ann. subsection 40-32-101(a)(1)(A)(i) states that "[a]ll public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed or destroyed . . . if . . . [t]he charge has been dismissed[.]"

2

have been unable to re-enroll in Sevier County High School and participate in its athletic program. [Compl. ¶ 20].[2]

Within days of the filing of this action, Defendants proceeded to the Sevier County Juvenile Court, where they obtained Orders in which that court memorialized the terms of the expunged plea agreements. [*See* Juvenile Records, doc. 9-1, at 1–7]. Defendants filed these Orders under temporary seal with this Court. Defendants then moved to file them under permanent seal, claiming that they "relate to and refer to" John Does' juvenile records, consist of "sensitive, confidential information related" to John Does, and "could lead to annoyance, embarrassment, and undue burden" to John Does. [Defs.' Mot. for Leave, doc. 8, at 1–2]. The Court denied the motion, determining that Defendants did not meet their burden to overcome the strong presumption favoring non-disclosure of judicial records at the federal level. [Order, doc. 17, at 1; Memo. Op., doc. 16, 1–8]. Around this time, the Court scheduled an evidentiary hearing, to afford the parties an opportunity to present evidence as to the propriety of a preliminary injunction. [Order, doc. 13, at 1; Order, doc. 29, at 1]. Defendants now petition the Court to conduct the entirety of the hearing under seal, as well as to seal the transcripts. [Motion to Seal Hr'g at 1–4]. John Does oppose the motion. [Pls.' Br. at 1–2].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 5.2(d), "[t]he court may order that a filing be made under seal without redaction," Fed. R. Civ. P. 5.2(d), but the federal courts have

---

[2] John Does were members of the basketball team at Sevier County High School. [Lee Aff. ¶ 3; King Aff. ¶ 3].

long recognized a "strong presumption in favor of openness" as to court records, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). To overcome this presumption, a party seeking to seal judicial records bears a weighty burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The "demanding requirements" of this burden consist of a showing that (1) the judicial records contain information that courts will typically protect and (2) the judicial records, if not sealed, will result in "a clearly defined and serious injury." *Id.* at 307–08 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). To succeed on a request to seal a hearing, a party must meet a burden that requires this identical showing. *See Cendant*, 260 F.3d at 194 ("[T]he party seeking *the closure of a hearing* or the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" (emphasis added) (quotation omitted)).

Generally, "[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" can overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)); *see In re Knoxville News-Sentinel*, 723 F.2d at 476 (affirming the district court's decision to seal bank records that contained financial information in part because various "statutory provisions and

regulatory rules" protected that information). Even when one or more of these forms of protectable information reside in the record, however, parties are not presumptively entitled to have "broad swaths" of the record sealed; instead, they must identify, "on a document-by-document, line-by-line basis," which portions of the record contain "specific information . . . [that] meets the demanding requirements for a seal." *Shane Grp.*, 825 F.3d at 308. Also, when the public interest in a case's subject matter is great, the showing necessary to surmount the presumption of access is even more demanding. *Id.* at 305.

### III.  ANALYSIS

Defendants argue that the Court should seal the evidentiary hearing and the hearing's transcripts because they intend to introduce "testimony and written documents that contains [sic] sensitive and confidential information" about John Does. [Defs.' Mot. to Seal Hr'g at 2]. Specifically, Defendants inform the Court that they have subpoenaed the attorney assigned to John Does' case at the state level—Rolfe Straussfogel—and "[i]t is anticipated" that he will testify about the expunged criminal charges, the plea agreement between John Does and the district attorney's office, and certain events relating to restraining orders against John Does. [*Id.*]. Defendants also inform the Court that they will introduce John Does' "academic records" and "educational records," as well as "evidence related to [their] enrollment." [*Id.*]. In this vein, they maintain that federal law—namely the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g—safeguards "the privacy of student educational records and requires that school systems maintain strict confidentiality of said records." [*Id.*].

5

**A. The Charges, Plea Agreement, and Events Relating to Restraining Orders**

Defendants' argument is largely a reiteration of its previous argument for the non-disclosure of the Orders from the Sevier County Juvenile Court—an argument in which they claimed that these Orders necessitated a permanent seal because they "relate to and refer to" John Does' juvenile records, consist of "sensitive, confidential information related" to John Does, and "could lead to annoyance, embarrassment, and undue burden" to John Does. [Defs.' Mot. for Leave at 1–2]. Defendants' argument to seal the evidentiary hearing is blighted by the same shortcomings that afflicted its last argument. Defendants identify no federal statute, regulation, or privilege that requires non-disclosure of the information that it recites to the Court. In addition, Defendants describe no harm—not even in conclusory terms—that will befall John Does if the Court were to conduct a public hearing. Even John Does disagree with Defendants' assertion that they would experience harm from a public hearing, and they argue that "Defendants have not showed any particularized prejudice that would override the public's compelling interest in open proceedings." [Pls.' Br. at 2]. The Court agrees. Defendants again fall short of meeting their burden to overcome the presumption of public access.

**B. The FERPA**

The FERPA protects "education records"[3] as well as personally identifiable information from improper disclosure. *Virgin Records Am., Inc. v. Does 1-33*, No. 3:07-

---

[3] The FERPA defines "education records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A)(i)–(ii).

6

CV-235, 2007 WL 3145838, at *2 (E.D. Tenn. Oct. 24, 2007). Defendants' argument that the Court should seal the hearing because the FERPA protects John Does' education records is, at first blush, more compelling than their initial argument because Defendants identify a statute under which they believe non-disclosure is necessary. But Defendants go no further than providing the Court with the statute's name and a basic description of its purpose. Defendants do not cite a section or subsection in the FERPA that supports their position, and the Court is not at liberty to probe the FERPA from top to bottom to locate a provision that aligns with their cause—that task is Defendants' alone. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *see also* E.D. Tenn. L.R. 7.1(b) (requiring parties to include in their briefs the factual and legal grounds "which justify the ruling sought from the Court").

While Defendants are correct that the FERPA provides students with the general privacy protections that they describe to the Court, the FERPA also contains exceptions that limit or render inapplicable these protections. Some of these exceptions appear to be relevant to this case, but Defendants fail to address them. First, as the Court has already noted, John Does oppose Defendants' motion to keep their records under seal and, on this basis, appear to be willing to consent to their disclosure. *See* 34 C.F.R. § 99.30(a) (stating that either a parent or an eligible student may consent to the release of their education

7

records). Defendants have not briefed the Court on this issue. Second, despite recognizing that John Does themselves have "put the[ir] academic records . . . at issue," [Defs.' Mot. to Seal Hr'g at 2],[4] Defendants overlook an exception under the FERPA that would potentially—if not likely—extinguish John Does' privacy rights in these records: "If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." 34 C.F.R. § 99.31(a)(9)(iii)(B). Defendants have not briefed the Court on this issue.

Although the Court recognizes that under the FERPA "Congress holds student privacy interests in . . . high regard," *United States v. Miami Univ.*, 294 F.3d 797, 807 (6th Cir. 2002), Defendants, in the context of their Motion to Seal the Hearing, still have to meet a particular and substantial burden to overcome the public right to access. Again, the initial step in this process requires Defendants to establish that the FERPA protects the information at issue, namely John Does' records. *Shane Grp.*, 825 F.3d at 308; *Cendant*, 260 F.3d at 194. While the FERPA does of course protect student records, it clearly does not provide them with blanket protection. Defendants must make at least some effort at legal analysis to address the FERPA's relevant exceptions, to satisfy the "demanding requirements" of its burden. *Shane Grp.*, 825 F.3d at 308. Specifically, they need to show that, despite these exceptions, the FERPA contains "the most compelling reasons" that

---

[4] In the Complaint, John Does allege that they "were considered by school administrators and coaches as Sevier County High School's best and brightest." [Compl. ¶ 8].

8

Case 3:17-cv-00041-RLJ-HBG   Document 38   Filed 03/15/17   Page 8 of 9   PageID #: 162

require the Court to jettison the strong presumption favoring openness, based on the particular facts of this case. *Id.* at 305 (quotation omitted). In this vein, Defendants also need to explain to the Court why it must seal the *entire* hearing and *all* transcripts line-by-line when only a portion of the hearing and the transcripts is likely to deal with John Does' records. *See id.* at 308.

## IV. CONCLUSION

Because Defendants do not satisfy their burden to overcome the presumption of public access in the federal courts, their Motion for Leave to Conduct the Evidentiary Hearing Under Seal [doc. 15] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge