UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JOHN DOE #1, by and through his next friend, SUSAN LEE, and JOHN DOE #2, by and through his next friend, BILLY KING, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:17-CV-41 |
| | ) |
| SEVIER COUNTY, TENNESSEE, SEVIER COUNTY BOARD OF EDUCATION, and Superintendent DR. JACK PARTON in his official capacity, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion in Limine [doc. 35] and Plaintiffs' Response in Opposition [doc. 40]. For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

Plaintiffs John Doe #1 and John Doe #2 ("John Does") are minors and allege that they were students at Sevier County High School in Sevierville, Tennessee, but were restrained from attending the school after the State charged each of them with aggravated rape last year. [Compl., doc. 1-1, ¶¶ 10–12; Susan Lee Aff., doc. 12-1, ¶¶ 2–3; Billy King Aff., doc. 12-2, ¶¶ 2–3]. John Does allege that their counsel and the district attorney's office reached an eventual settlement agreement, under which John Does agreed never to return

to Sevier County High School in exchange for dismissal of the criminal charges against them. [Compl. ¶ 12]. John Does also maintain that they have since had their juvenile records expunged. [*Id.* ¶ 13; Chief Deputy Clerk Letter No. 1, doc. 1-5, at 1; Chief Deputy Clerk Letter No. 2, doc. 1-6, at 1].[1] According to John Does, after procuring dismissal of the charges and expungement of the charges from their juvenile records, they attempted to re-enroll in Sevier County High School but were denied the opportunity to re-enroll. [Compl. ¶ 15].

As a result, John Does now bring this action against Sevier County, Sevier County Board of Education, and Superintendent Dr. Jack Parton in his official capacity, alleging they violated 42 U.S.C. § 1983 by abridging their rights under the First Amendment and the Fourteenth Amendment. [*Id.* ¶ 18]. John Does have also contemporaneously filed a motion for a preliminary injunction under Federal Rule of Civil Procedure 65, alleging that they were "in their junior years," "have invested themselves tremendously in the athletic program at Sevier County High School," and "transferring to any other school will cause irreparable harm." [Compl. ¶¶ 10; *see* Mot. for Preliminary Inj., doc. 4, at 1]. Specifically, they claim that the "opportunities that were available to them for scholarships and to compete collegiately have been damaged and/or are rapidly diminishing" because they have been unable to re-enroll in Sevier County High School and participate in its athletic

---

[1] Tenn. Code Ann. subsection 40-32-101(a)(1)(A)(i) states that "[a]ll public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed or destroyed . . . if . . . [t]he charge has been dismissed[.]"

2

program. [Compl. ¶ 20].[2] Within days of the filing of this action, Defendants proceeded to the Sevier County Juvenile Court, where they obtained Orders in which that court memorialized the terms of the expunged plea agreements, and Defendants have since filed these Orders with this Court. [*See* Juvenile Records, doc. 9-1, at 1–7].

Shortly after John Does brought this case, the Court scheduled an evidentiary hearing, to afford the parties an opportunity to present evidence as to the propriety of a preliminary injunction. [Order, doc. 13, at 1; Order, doc. 29, at 1]. In anticipation of the hearing, Defendants are seeking to exclude in limine evidence concerning "[w]hether the minor Plaintiffs should have ever faced juvenile charges in the first place[.]" [Defs.' Mot. in Limine at 2]. They inform the Court that they "believe Plaintiffs and their counsel may be trying to place [this] third factual question before this Court." [*Id.*] John Does responded in opposition to the motion. [Defs.' Resp., doc. 40, at 1–5].

## II.  LEGAL STANDARD

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). As a result, a district court's choice to grant or deny a motion in limine "is purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose," and in this vein, a

---

[2] John Does were members of the basketball team at Sevier County High School. [Lee Aff. ¶ 3; King Aff. ¶ 3].

3

district court has authority to exclude evidence only when it is "clearly inadmissible on all potential grounds." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). A party moving for a motion in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

### III. ANALYSIS

Defendants maintain that the "facts and circumstances" of John Does' arrests are irrelevant, and they invite the Court, under Federal Rules of Evidence 401, 402, and 403, to exclude "any evidence" that is "related to the[se] facts and circumstances." [Defs.' Mot. in Limine at 1, 3]. As an initial matter, the Court underscores the fact that Defendants' motion arises in the context of an evidentiary hearing on a motion for a preliminary injunction, and "the Federal Rules of Evidence generally do not apply to preliminary injunction hearings." *House of Bryant Publ'ns, LLC v. City of Lake City*, No. 3:14-CV-93-TAV-HBG, 2014 WL 5449672, at *10 n.11 (E.D. Tenn. Oct. 22, 2014) (quotation omitted); *see Fidelity Brokerage Servs. LLC v. Clemens,* No. 2:13-CV-239, 2013 WL 5936671, at *5 (E.D. Tenn. Nov. 4, 2013) ("Generally speaking, district courts within this circuit have not required stringent adherence to rules of evidence when reviewing petitions for injunctive relief[.]" (citations omitted)); *Damon's Rests., Inc. v. Eileen K Inc.*, 461 F. Supp. 2d 607, 620 (S.D. Ohio 2006) (recognizing that "district courts within [the Sixth Circuit]

4

have considered [hearsay] evidence, as have numerous other circuit courts," in addressing motions for a preliminary injunction (citations omitted)). Defendants overlook this point, making no attempt to explain how the Court should consider its request in light of the limited applicability of the Federal Rules of Evidence. Because Defendants' argument is incomplete, the Court, on this basis alone, is not inclined to accept it. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)).

Even if the Court were to assume the Federal Rules of Evidence can and do apply to the upcoming hearing, Defendants' request for the Court to exclude "any evidence" related to the "facts and circumstances" of John Does' arrests is far too vague and far too broad. While "anticipated" evidence is excludable in limine, *Luce*, 469 U.S. at 40 n.2 (quotation omitted), it must be "very specific," *Certain Land Situated in Detroit*, 547 F. Supp. at 681; *see Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (stating that "[o]rders in limine which exclude broad categories of evidence should rarely be employed"). Defendants offer no information to the Court to clarify what they mean by "facts and circumstances," a phrase that could refer to practically anything, and they do not direct the Court to evidence in the record that warrants exclusion. *See Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (stating that parties pursuing the exclusion of evidence in limine "should . . . direct the trial judge to specific evidence in the record that would favor or disfavor the introduction of those particular items or

5

categories of evidence") (citation omitted)); *see also Beasley v. SSC Newport Operating Co.*, No. 2:11-cv-127, 2014 WL 5438524, at *2 (E.D. Tenn. Oct. 22, 2014) (recognizing that a court needs to "assess the value and utility of evidence" before it can decide whether to bar it) (quotation omitted)).

Defendants' reference to "facts and circumstances" is so imprecise and expansive that the Court, frankly, would have to guess to identify the evidence that Defendants wish to place at issue. Defendants simply do not provide the Court with enough grist to allow it to ascertain whether the facts and circumstances of John Does' arrests are "clearly inadmissible on all potential grounds." *Contract Mgmt.*, 2012 WL 2529214 at *1 (quotation omitted). *See generally United States v. Denton*, 547 F. Supp. 16, 17 (E.D. Tenn. 1982) (denying a motion in limine after concluding that "[a]t this time, the Court has no way of knowing (1) whether any or all of the aforementioned evidence will be offered at trial, (2) if so, for what purpose or purposes, (3) whether, if offered, some or all of such evidence might be admissible for one or more purposes, and (4) if admissible, whether its probative value might be outweighed by its prejudicial effect"). The Court would require far more in the way of specifics before it can accommodate Defendants' request to exclude evidence in limine, and that is only if the Court assumes that the Federal Rules of Evidence even remotely apply to the evidentiary hearing—an issue that Defendants, again, have left unaddressed. *See House of Bryant Publ'ns*, 2014 WL 5449672 at *10 n.11.

## IV. CONCLUSION

Defendants fail to meet their burden for the exclusion of evidence in limine, while also failing to address the applicability of the Federal Rules of Evidence to the upcoming hearing. Defendants' Motion in Limine [doc. 35] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge